UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
IMAGINE SOLUTIONS, LLC,

                Plaintiff,

-against-

MEDICAL SOFTWARE COMPUTER
SYSTEMS, INC., ET AL.,

                Defendants.
------------------------------------------------------------------ X

05 CV 3793 (ARR)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

MEMORANDUM AND
ORDER

ROSS, United States District Judge:

By motion dated October 23, 2006, defendants Medical Software Computer Systems, Inc., Craig R. Rudlin, Steven Jamison Woodson, and Matthew Cowan move to dismiss this action for lack of personal jurisdiction and venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) or, in the alternative, for transfer of venue to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). After review of the parties' submissions, the court has determined that additional specification by plaintiff as to the location of the alleged incidents is required in order to enable the court to decide defendant's Rule 12(b)(3) motion.

The relevant portion of the civil venue statute, 28 U.S.C. § 1291, provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In several instances, the declaration by Steven Arnold, which plaintiff relies upon in its response to defendant's venue motion, does not make entirely clear whether the events described took place in the Eastern District of New York or one of the other judicial districts in the state. See Arnold Decl. ¶ 18 (cited in Pl.'s Mem. 21.) In particular, while the

1

plaintiff alleges that numerous conversations took place by telephone/conference call and e-mail between the defendants in Virginia and individuals in New York, it is not apparent whether any of the latter set of individuals were located in the Eastern District of New York during the course of the communications. The court further notes that defendants, while asserting that the Eastern District of Virginia would be a proper venue for this action, have not raised as a defense that the activities alleged by plaintiffs took place in a district of New York other than the Eastern District. Under these circumstances, it is appropriate to provide plaintiff with an opportunity to clarify which of the events or omissions on which it has relied in opposing defendants' motion took place in this district. See Gulf Insurance Co. v. Glasbrenner, 417 F.2d 353, 357 & n.3.

Therefore, plaintiff is directed to submit an additional affidavit from Dr. Steven Arnold or other relevant evidence clarifying the location of the incidents alleged insofar as the location in this state was not initially given. Plaintiff must file this supplementary evidence by April 20, 2007. Defendant's response, if any, shall be filed by April 27, 2007.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: April 10, 2007
Brooklyn, New York

**Service List:**

Plaintiff's Attorney

Howard C. Crystal
Novack Burnbaum Crystal, LLP
300 East 42nd Street
New York, NY 10017

Defendant's Attorney

Joseph J. Saltarelli
Hunton & Williams LLP
200 Park Avenue
43rd Floor
New York, NY 10166


cc:   Magistrate Judge Joan M. Azrack